ÁNGEL LOZADA ESPINOSA, Plaintiff and Appellant, *v.* BENJAMÍN RODRÍGUEZ, Defendant and Appellee.

No. O-67-221.    Decided March 31, 1969.

*Arturo Aponte Parés* for appellant. *J. B. Fernández Badillo,*
*Solicitor General,* and *Lolita Miranda, Assistant Solicitor*
*General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On December 12, 1963 petitioner was tried by the court
without a jury for incest, after he waived his right to a trial
by jury. He was found guilty and sentenced to serve from
one to four years in the penitentiary.

As to the waiver of the jury trial there only appears in
the record the following:

"THE COURT: Is the prosecuting attorney ready?

"PROSECUTING ATTORNEY: Ready.

"THE COURT: Is the defense also ready?

"THE DEFENSE: After the recess, Your Honor, we are ready.

"THE COURT: Ready. By Jury?

"THE DEFENSE: Defendant wants to waive the trial by jury,
Your Honor.

"THE COURT: Your attorney wants to waive the trial by jury.

"THE DEFENDANT: No, without jury.

"THE COURT: You want it without jury?

"THE DEFENDANT: Yes.

"THE COURT: Well, all right. It will be heard by the court without a jury." (Tr. Ev. 2.)

In April 1966 defendant filed a petition for Habeas Corpus before the Superior Court, Humacao Part, where he had been prosecuted. The writ was issued. In his petition he alleged several reasons in support of the illegality of his imprisonment, but finally the controversy was limited to whether or not defendant had intelligently waived his right to trial by jury.

After receiving the evidence from the parties, the trial court rendered judgment denying the petition for habeas corpus.[1] Defendant appealed to this Court from said judgment.

In his brief appellant maintains that the waiver of the right to trial by jury was null and void because (1) the presiding judge did not inform him as to the nature of the right he was waiving; (2) the prosecuting attorney did not

---

[1] In the petition for habeas corpus petitioner stated, in synthesis, that what happened at the trial in relation to the waiver of the trial by jury is what appears from the stenographic record; that he did not know "what the jury was", that he does not know why he waived the trial by jury and that the attorney who represented him did not explain to him what the jury was; that nobody explained to him what the jury was; that he is an illiterate person.

Mrs. Juanita Treviño testified that, as an attorney of the Legal Aid Society, she represented petitioner in the case of incest; that she had several interviews with defendant before the trial. She was asked whether she had explained to defendant what the jury is, and she answered: "Yes, I explained to him what a trial by jury is and insisted with him to have the trial by jury and he was the one who convinced me and caused me to abandon the idea of the trial by jury, because that was his persistent desire and I could not convince him to have the trial by jury. I wanted the trial by jury and I told him so." On cross-examination, when asked about the explanation she had given to defendant on what a trial by jury is, she answered: "I explained to him that the jury consists of twelve men, the opinion of twelve persons, the minds of twelve; that it was easier to convince the twelve of them, I emphasized that at least nine of them, but that the judge was only one person to convince and I, in fact, always preferred to have the case heard by jury because, in my humble opinion, according to my way of thinking, I always considered that the trial by jury offered a better opportunity, but he wanted to have it his way."

inform him either as to said right; (3) the prosecuting attorney did not expressly consent to defendant's waiver; and (4) the information on said right transmitted to him by his attorney was insufficient.

■ Pursuant to the law the waiver of the constitutional right to trial by jury should be made by defendant expressly and personally. Rule 111 of the Rules of Criminal Procedure. Moreover, the waiver of said right must be made intelligently by defendant, being conscious of what the waiver implies in its consequences. *People* v. *Juarbe de la Rosa*, 95 P.R.R. 736 (1968).

■ Even though the most desirable practice is that the presiding judge, at the time the waiver of the trial by jury is made, ascertain himself that defendant is conscious and understands the scope of the right he is waiving, and said fact must appear clearly in the record, since the doctrine in the case of Juarbe de la Rosa, *supra*, is applicable prospectively, as we have just decided in *People* v. *Delgado Martínez*, 96 P.R.R. 703 (1968), the same is not applicable to appellant's case because the trial of the criminal cause against him was held in the month of December 1963.

■ In the federal jurisdiction the waiver of a jury trial is conditioned upon the fact that said waiver is made by appellant in writing and with the approval of the court and the consent of the government. Rule 23 of the Federal Rules of Criminal Procedure, *Patton* v. *United States*, 281 U.S. 276, 74 L.Ed. 854, 855. Our Rules of Criminal Procedure only require that defendant expressly and personally waive the right to trial by jury. Rule 111 of the Rules of Criminal Procedure. It does not require the consent of the prosecuting attorney. However, the same is implicit when, without objection, the prosecuting attorney hears the case by the court without a jury. The same may be said about the approval of the court.

■ There is no juridical basis to sustain, as appellant maintains, that the provisions of the Federal Rules of Criminal Procedure are applicable to Puerto Rico. See *People* v. *Rivera Suárez*, 94 P.R.R. 485 (1967).

For the reasons stated the judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Hernández Matos and Mr. Justice Santana Becerra dissented.